UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:15-cr-40010-SLD-1 |
| ) | |
| ROBERT W. JOHNSON, ) | |
| ) | |
| Defendant. ) | |
| ) | |

ORDER

Before the Court is Defendant Johnson's amended motion to suppress evidence, ECF No. 15. Johnson challenges the probable cause supporting a warrant issued to search his trailer, and also seeks a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978). For the following reasons, the motion is DENIED. Johnson's prior motion to suppress, ECF No. 14, is MOOT.

BACKGROUND

On September 29, 2014, a warrant issued to search Johnson's mobile home trailer in East Moline, Illinois. Warrant, Am. Mot. Suppress, ECF No. 15-1. The warrant was supported by the affidavit of Village of Hampton police officer Devin McNeill. *See* McNeill Aff., Am. Mot. Suppress, ECF No. 15-1. He related the following facts in support of his application for a warrant.[1]

On September 27, 2014, McNeill saw Johnson and another man, Dakota Johnson, standing outside of a mobile home trailer parked at the Village of Rapids City Village Hall. The trailer had Illinois plates and was registered to Robert Johnson. McNeill also at some point saw the Johnsons in the bed of the truck that the trailer attached to, and in the truck itself. Later, he

---

[1] Unless otherwise stated, the facts that follow are taken from this affidavit.

1

saw the Johnsons leave the trailer in a Chevy Cavalier, with Dakota driving. McNeill then stopped the men (Dakota's license was suspended), and "removed" Dakota from the car. Smelling the telltale scent of burnt cannabis inside, McNeill searched the car. He found a glass pipe, a plastic baggie containing about 18 grams of marijuana, a corn cob pipe, 11 baggies, 11 latex gloves, small amounts of methamphetamine, more small baggies, a loaded handgun, and ammunition for the gun.

Robert Johnson told McNeill that he "currently had multiple narcotics pipes inside the trailer" that Robert had been standing next to earlier. He also told McNeill that both the pipes found in the search of the Cavalier belonged to him. McNeill ran a criminal history check on Robert and found that he had "a prior delivery/manufacturing of cannabis charge dating from 2005 as well as Felony Burglary convictions." Dakota separately admitted to having bought the gun in Rock Island, Illinois for protection while dealing drugs.

## DISCUSSION

Johnson makes two arguments: first, that the search warrant was unsupported by probable cause, requiring the fruits of the search to be suppressed, Am. Mot. Suppress 4–10; and second, that because Officer McNeill's affidavit contained a false statement and a material omission, Johnson is entitled to a *Franks* hearing, at which the Court should set aside the false material and add back in the missing material, then determine whether the warrant should have issued, *id.* at 10–13. Johnson also argues that in either case, the "good faith exception," which allows police to rely on a facially valid but unconstitutional warrant, does not apply. *Id.* at 13–15. The government responds that the affidavit presented probable cause sufficient to justify the warrant, Resp. 9–10, ECF No. 17; and that Johnson has presented insufficient evidence for a *Franks* hearing, *id.* at 10–13. If Johnson's first argument succeeds, he is entitled to suppression

and there is no need to address whether the Court must hold a *Franks* hearing. However, because the affidavit provided enough support for a warrant, the Court will first explain why, and then discuss whether Johnson is entitled to a *Franks* hearing.

**I.     Facial Sufficiency of Affidavit to Support Warrant**

The Constitution secures "the right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures." U.S. Const. amend. IV. Warrants cannot issue without a judicial determination of probable cause. *Id*. When reviewing a warrant-issuing judge's determination that probable cause existed, a reviewing court defers to that judge's determination if "there is substantial evidence in the record supporting the judge's decision." *United States v. Lloyd*, 71 F.3d 1256, 1262 (7th Cir. 1995). Any factual determinations made by the warrant-issuing judge are reviewed for clear error, and review of conclusions of law—most particularly, whether probable cause existed to justify issuance of a warrant—is de novo. *United States v. Koerth*, 312 F.3d 862, 865 (7th Cir. 2002).

The warrant affidavit stands on its own: the information supporting the warrant must be found within the "four corners of a written affidavit" presented to the judge (assuming she was presented with no other evidence in support of the warrant). *United States v. Anderson*, 453 F.2d 174, 175 (1971). The task of the issuing judge is then to make a "common-sense decision whether, given all the circumstances set forth in the affidavit before him, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 214 (1983).

Taken as a whole, the affidavit in Johnson's case presented probable cause. The affidavit stated that officers discovered physical evidence of drug use and distribution: two pipes, many plastic baggies and gloves, drug residue, and a gun and ammunition. It stated that Dakota

admitted that the gun was used in drug distribution. It stated that Robert admitted ownership of the pipes in the car, and told Officer McNeill where more—specifically, more "narcotics pipes"—were to be found. And it stated that Robert was the registered owner of the trailer and had been seen in and on the truck attached to it a short time earlier. Thus, the affidavit presented 1) evidence of drug distribution in the car, 2) evidence that the men in the car with the drugs knew each other, and that each possessed some of the contraband in the car, and, most importantly, 3) a direct admission by Robert that contraband was to be found in the trailer, which he owned and had recently been near. This information was more than sufficient ground upon which to base a probable cause determination.

Johnson argues, incorrectly, that there was no nexus between the trailer and the drug equipment found in the Cavalier. Am. Mot. Suppress 9–10. But this case is distinguishable from *United States v. Ramos*, 923 F.2d 1346 (9th Cir. 1991), *overruled on other grounds by United States v. Ruiz*, 257 F.3d 1030 (9th Cir. 2001), upon which Johnson relies. There, the appellate court found that police had lacked probable cause to search a defendant's apartment, at which he had stopped after making a suspected drug delivery, but which officers had no other reason to believe would contain drugs. 923 F.2d at 1352. Here, the officers had reason to believe contraband would be found in Johnson's trailer because 1) Johnson told them it would be, and 2) Johnson was found in a car with evidence of drug distribution immediately after having left the trailer, which he owned. While the former reason is plainly stronger, the latter is also more compelling than the one that the Ninth Circuit rejected in *Ramos*. That is, there is more reason to believe that contraband will be found in a trailer when a person has just departed from the trailer, which he owns, in a car full of drug dealing equipment, than there is to believe that contraband will be found in an apartment when a person has briefly stopped there after making a suspected

4

drug delivery somewhere else. Furthermore, the two reasons in Johnson's case reinforce each other. His admission that drug paraphernalia would be found in the trailer is consistent with and supports the inference that more contraband of the same kind the police had just seized would be found in the trailer. Conversely, the two pipes Johnson had just claimed, as well as the gun, gloves, bags, and drugs that he had not claimed, make credible his claim that more narcotics pipes were to be found in his trailer.

In any case, Johnson's admission would have been sufficient on its own. *See United States v. Harris*, 403 U.S. 573, 583 (1971) ("Admissions of crime, like admissions against proprietary interests, carry their own indicia of credibility—sufficient at least to support a finding of probable cause to search."). The affidavit supported the warrant, and it was not clearly erroneous for the Illinois judge to issue it. *See Koerth*, 312 F.3d at 865.

## II.   Johnson's Request for a *Franks* Hearing

Johnson argues that even if the Court determines that the warrant authorizing search of his trailer was valid on its face, it would not be so absent false or misleading inclusions and exclusions, and that he is therefore entitled to an evidentiary hearing to determine whether McNeill in fact acted intentionally or with reckless disregard for the truth in writing the affidavit. Am. Mot. Suppress 10–13. Specifically, Johnson points to two alleged misrepresentations or omissions in the affidavit that he asserts were material to the finding of probable cause: (1) the omission of Dakota's claims that he owned some or all of the contraband in the car; and (2) inclusion of the charge of delivery and manufacturing of cannabis. *Id.*

A *Franks* hearing is an evidentiary hearing that a criminal defendant may seek if he properly presents allegations of inaccuracy in the warrant affidavit. *Franks*, 438 U.S.154 at 171. To be entitled to a *Franks* hearing, the defendant must:

5

make a substantial preliminary showing that (1) the warrant affidavit contains false statements, and (2) these false statements were made intentionally or with reckless disregard for the truth, and (3) the false statements were material to the finding of probable cause.

*United States v. Hancock*, 844 F.3d 702, 708 (7th Cir. 2016) (citing *United States v. Mullins*, 803 F.3d 858, 862 (7th Cir. 2015), *cert. denied,* 136 S. Ct. 1230 (2016)).

To establish that an omission or a false statement is necessary for proving probable cause, the defendant should first identify specific portions of a warrant affidavit which are false statements or omissions. *United States v. Harris,* 464 F.3d 733, 738 (7th Cir. 2006). The Court then "considers the affidavit, eliminating any false statements and incorporating omitted material facts, and determines whether probable cause existed." *Id.* Probable cause still exists if there is a "nexus between the place to be searched and the evidence to be sought." *United States v. Frazier*, 423 F.3d 526, 532 (6th Cir. 2005). Thus, the defendant is entitled to a *Franks* hearing if he makes a substantial showing that after correcting the false statements or by adding back the omission, the warrant affidavit would not be sufficient to establish probable cause. *Harris*, 464 F.3d at 738. "If sufficient allegations existed warranting the search irrespective of the affiant's alleged errors, a hearing is unnecessary and the motion should be denied." *Mullins*, 803 F.3d at 862. Johnson argues that McNeill omitted one material fact—Dakota's admission that he owned certain contraband in the car—and misrepresented another material fact—Johnson's previous criminal record. Def.'s Mot. Suppress 10, ECF No. 15.

As discussed *supra* Section I, a defendant's own admissions to criminal activity carry considerable weight, and Johnson's admission to ownership of drug-related contraband in his trailer provided sufficient evidence to support probable cause. *See Harris*, 403 U.S. at 583. Furthermore, Dakota's claims of ownership of the contraband in the vehicle, repeated and ambiguous as they were, did not negate the possibility of Johnson's joint possession of the items,

particularly given the close quarters shared by the two men and Johnson's admission that he did own at least some of the contraband. *See United States v. Kitchen*, 57 F.3d 516, 521 (7th Cir. 1995) (holding that codefendant homeowner's access and control over the firearms at issue did not negate the possibility that the defendant also had access to the firearms, when codefendant and defendant shared the space, defendant's belongings were in the space, and he was more than a "casual visitor" to the home). Evidence in the car included baggies, which are an indication of narcotics distribution; latex gloves, which are an indication of narcotics manufacturing; and the fully loaded handgun. These items suggested their possessors were drug dealers. *See United States v. Grimm*, 170 F.3d 760, 767 (7th Cir. 1999) (noting that "guns found in close proximity to illegal drugs are presumptively considered to have been used in connection with the drug trafficking offense."). Dakota's claim of ownership over some of the items found by police in the vehicle does not undermine probable cause to search Johnson's trailer.

Moreover, under the applicable "totality of the circumstances" test, the Court considers the circumstances as a whole. *See United States v. Peck*, 317 F.3d 754, 756 (7th Cir. 2003) ("Probable cause is established when, based on the totality of the circumstances, the affidavit sets forth sufficient evidence to induce a reasonably prudent person to believe that a search will uncover evidence of a crime."); *see also United States v. Glover*, 462 U.S. 213, 233 (7th Cir. 1983) (holding that "the totality-of-the-circumstances approach means a deficiency in one may be compensated for by . . . some other indicia of reliability."). The affidavit indicated that Johnson's record contained a charge for delivery/manufacturing of cannabis. In the absence of this piece of information, the judge could have relied on the other circumstances—including Johnson's joint possession of the items in the vehicle with an admitted drug dealer, Johnson's

admission to the ownership of narcotics pipes in the trailer, and other criminal history including felony burglary convictions—in determining probable cause existed to search the trailer.

Neither of Johnson's two requested alterations to the warrant affidavit would destroy probable cause. Since Johnson fails to make a substantial preliminary showing that Dakota's admission and Johnson's false charge are necessary for finding probable cause, he is not entitled to a *Franks* hearing.

## CONCLUSION

Accordingly, Johnson's amended motion to suppress, ECF No. 15, is DENIED; and his original motion to the same effect, ECF No. 14, is MOOT.

Entered this 14th day of July, 2017.

s/ Sara Darrow

SARA DARROW
UNITED STATES DISTRICT JUDGE